IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )           8:93CR27
                             )
       v.                    )
                             )
SHANNON WILLIAMS,            )           MEMORANDUM OPINION
                             )
            Defendant.       )
_____)
```

This matter is before the Court on the motions of defendant Shannon E. Williams ("Williams") for attorney's fees in connection with proceedings regarding violation of supervised release (Filing Nos. 732 and 733). In addition, defendant requests an evidentiary hearing to "resolve any disputed issues, as to 'why' the charges were in fact dismissed." It appears that both motions are identical, and the Court finds the motions should be denied.

I. Applicable Law

Under the Hyde Amendment,

> [T]he court, in any criminal case
> . . . may award to a prevailing
> party, other than the United
> States, a reasonable attorney's fee
> and other litigation expenses,
> where the court finds that the
> position of the United States was
> vexatious, frivolous, or in bad
> faith, unless the court finds that
> special circumstances make such an
> award unjust.

DEPARTMENTS OF COMMERCE, JUSTICE, AND STATE, THE JUDICIARY, AND RELATED AGENCIES APPROPRIATIONS ACT, 1998, PL 105-119, November 26, 1997, 111 Stat 2440 (reprinted in 18 U.S.C. § 3006A, historical and statutory notes).  Vexatious prosecution is "without reasonable or probable cause or excuse."  *United States v. Porchay*, 533 F.3d 704, 711 (8th Cir. 2008) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999)) (internal quotation marks omitted).  A prosecution is frivolous "when the government's position is utterly without foundation in law or fact."  *Id.* (quoting *United States v. Bowman*, 380 F.3d 387, 390 (8th Cir. 2004)).  Bad faith requires "deliberate deception, gross negligence or recklessness."  *ReliaStar Life Ins. Co. v. IOA Re, Inc.*, 303 F.3d 874, 882 (quoting *Unigard Sec. Ins. Co., Inc. V. North River Ins. Co.*, 4 F.3d 1049, 1069 (2d Cir. 1993)).

## II. Discussion

A transcript from the November 4, 2011, sentencing hearing in case 8:09CR457 reveals that Williams contested the proposed sentence for violation of supervised release which prompted the Court to continue the matter for further hearings at another time.  Transcript of Sentencing Hearing, 8:09CR457, Filing No. 1216, 71-89.  At that time, Williams did not dispute the fact of the violation -- only the appropriate sentence.  *Id.*  The Court also made it clear that any sentence would run

concurrently with the 480 month sentence Williams would serve for the underlying criminal activity.  *Id.* at 78.  Five days later, the government submitted a motion to dismiss with prejudice the petition for violation of supervised release (Filing No. 729). The Court granted the motion (Filing No. 731) obviating the need for a hearing. There is no indication that the government sought dismissal because of any lack of evidence or any frailty in its legal position.  The record reflects that the evidence against Williams regarding violation of supervised release was extensive and eventually led to his conviction for the criminal activity upon which the violation of supervised release was based.

Defendant's brief suggests that "the District Court granted the Petitioner's motion to dismiss the charges" because of "government misconduct."  However, the record reflects that the Court denied (Filing No. 721) defendant's motion to dismiss based on government misconduct (Filing No. 705) because the Court found that the allegations of misconduct were not supported by the facts.

The prosecution was supported by probable cause and foundation in law and fact.  There is no evidence of deliberate deception or negligence on the part of the government in maintaining its position that Williams had violated the terms of

his supervised release. A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of January, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court